1   STEVEN S. KARIC, SBN 121777
     *skaric@hkemlaw.com*
2   DAVID A. HOUSEHOLDER, SBN 137256
     *dhouseholder@hkemlaw.com*
3   HAMBURG, KARIC, EDWARDS & MARTIN LLP
    1900 Avenue of the Stars, Suite 1800
4   Los Angeles, California 90067-4409
    Telephone:    310-552-9292
5   Facsimile:    310-552-9291

6   Attorneys for Plaintiff
    THE UNIVERSAL CHURCH, INC.
7

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  | THE UNIVERSAL CHURCH, INC., a New | CASE NO. |
    | York non-profit corporation, | |
14  | | |
    | Plaintiff, | **COMPLAINT FOR:** |
15  | | |
    | vs. | **(1) BREACH OF CONTRACT** |
16  | | **(2) NEGLIGENCE** |
    | STANDARD CONSTRUCTION COMPANY | **(3) BREACH OF INSURANCE** |
17  | OF SAN FRANCISCO, INC., a California | **CONTRACT** |
    | corporation doing business as STANDARD | **(4) BAD FAITH BREACH OF GOOD** |
18  | ROOFING COMPANY; THOMAS M. | **FAITH AND FAIR DEALING** |
    | SESTAK, an individual; FIRST MERCURY | **COVENANT** |
19  | INSURANCE COMPANY, an Illinois entity; and | |
    | DOES 1 through 20, inclusive, | |
20  | | **DEMAND FOR JURY TRIAL** |
    | Defendants. | |
21

22

23                    **THE PARTIES**

24       1.      Plaintiff is The Universal Church, Inc., a non-profit corporation organized and existing

25  under the laws of the State of New York, with its principal place of business in Newark, New Jersey.

26  Plaintiff is authorized to conduct and conducts non-profit business of a religious nature in this State

27  of California.  As an integral part of its non-profit religious business, plaintiff owns that certain church

28  building located at 3541 20th Street, San Francisco, California (the Property).

---
COMPLAINT                                  1                    *PRINTED ON RECYCLED PAPER*

2.      Defendant Standard Construction of San Francisco, Inc. (Standard) is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.  Standard does business under the name Standard Roofing Company and, upon information and belief, is duly licensed by the State of California as a general building contractor, with additional licenses or classifications in insulation and acoustical, and roofing.

3.      Defendant Thomas M. Sestak is an individual who, upon information and belief, resides in the State of California.  Sestak is the owner, president and chief executive officer of Standard.

4.      Defendant First Mercury Insurance Company, Inc. (FMIC) is an entity of unknown status organized and existing under the laws of the State of Illinois, with its principal place of business in Southfield, Michigan, which conducts business in the State of California.  FMIC is a nonadmitted foreign or alien insurer which issued a contract of insurance in this State of California to a corporation authorized to do business here.

5.      The true names and capacities, whether individual, associate, corporate or otherwise of the defendants named herein as Does 1 through 20, inclusive, are unknown to plaintiffs, who therefore sue these defendants, and each of them, by fictitious names.  Plaintiffs will amend their Complaint to state the true names of Does 1 through 20 when ascertained.  Upon information and belief, each defendant designated as a Doe is responsible for the alleged conduct and is a party against whom relief is appropriate.  Upon further information and belief, each defendant is or was an agent, servant, co-conspirator, or employee of each of the other defendants, and in doing the things alleged herein was acting within the course and scope of said agency, conspiracy or employment.

6.      Upon information and belief, at all material times, there was and is a unity of interest between defendants Standard and its owner Sestak, such that any individuality and separateness between Standard and Sestak never existed or stopped existing, and that Standard was and is the mere instrumentality, conduit, adjunct and *alter-ego* of Sestak, serving no purpose other than the improper avoidance of Sestak's personal liability.  Therefore, unless the fiction of the corporate status of Standard is ignored, grave injustice will result and the avoidance of liability will be sanctioned to the great harm and irreparable injury of plaintiff.

**JURISDICTION AND VENUE**

7. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1332, and as alleged above, plaintiff is a citizen of New York and New Jersey, and defendants are citizens of California, Illinois and Michigan.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this district, or a substantial part of property that is subject of this action is situated in this district, or one defendant resides in this district and all defendants are residents of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**INTRADISTRICT ASSIGNMENT**

9. Assignment of this case to the San Francisco Division is proper under this Court's Civil Local Rule 3-2(c) in that, as alleged herein, a substantial part of the events or omissions giving rise to the claim occurred in that County of San Francisco, or a substantial part of property that is subject of this action is situated in the County of San Francisco.

**THE FACTS**

10. On or about July 31, 2014, plaintiff entered into a written contract with Standard by which Standard agreed to perform specified roofing repair work on the Property.

11. On or about August 13, 2014, Standard began conducting the roofing repair work at the Property, which continued the next day, on or about August 14, 2014.

12. On or about August 14, 2014, Standard's roofing repair work on the Property started a fire on the roof of the Property. Standard and its workers were unable to extinguish the fire, and also failed to inform plaintiff of the severity of the fire. Upon information and belief, a neighbor who noticed the smoke billowing from the roof of the Property telephoned the San Francisco Fire Department, which responded to the fire.

13. Also on or about August 14, 2014, the Fire Department extinguished the fire on the burning roof of the Property. As a result of the fire and the reasonably foreseeable efforts of the Fire Department to extinguish it, including the use of large quantities of water to do so, the Property was

1  seriously damaged, causing plaintiff to sustain damages in excess of $1 million. Despite demand,

2  Standard has made no payment to plaintiff to compensate it for such damage, or any portion thereof,

3  or even to remediate the loss and prevent further damage.

4        14.      Pursuant to its roofing contract with plaintiff, Standard caused its insurer, defendant

5  FMIC, to name plaintiff as an "additional insured" under Commercial General Liability Policy No.

6  WA-CGL-00000106978-03 (the Policy), effective May 5, 2014, which FMIC issued to Standard and

7  which Standard delivered to plaintiff. The Policy provides insurance coverage to plaintiff of

8  $1 million per occurrence.

9        15.      The damage caused by the fire at the Property constitutes an "occurrence" under the

10  Policy, triggering insurance coverage of up to $1 million for that damage.

11        16.      On or about August 14, 2014, plaintiff submitted a claim arising from the fire at the

12  Property to FMIC as an additional insured under the Policy. FMIC assigned Claim No. 8336-1 to

13  plaintiff's claim.

14        17.      From the initial submittal of its claim on August 14, 2014 and continuing through

15  about September 19, 2014, plaintiff repeatedly demanded that Standard and FMIC pay all costs and

16  expenses to remediate all damage the fire caused to the Property, to prevent additional damage to the

17  Property, and to repair the damage the fire (and the reasonably foreseeable efforts to extinguish it)

18  caused to the Property.

19        18.      To date, Standard has failed and refused to pay all costs and expenses to remediate the

20  damage the fire caused to the Property, to prevent additional damage to the Property, and to repair

21  the damage the fire (and reasonably foreseeable efforts to extinguish it) caused to the Property.

22        19.      Also to this date, which is more than 30 days after plaintiff's demand, FMIC has also

23  failed and refused to pay all costs and expenses to remediate the damage the fire caused to the

24  Property, to prevent additional damage to the Property, and to repair the damage the fire (and

25  reasonably foreseeable efforts to extinguish it) caused to the Property. FMIC has also failed and

26  refused to pay plaintiff's claim under the Policy arising from the fire at the Property, which failure

27  and refusal is more than 30 days after plaintiff's demand, and which was and is vexatious and without

28  reasonable cause.

# FIRST CLAIM FOR RELIEF

## FOR BREACH OF CONTRACT AND THE IMPLIED COVENANT

## OF GOOD FAITH AND FAIR DEALING

(Against Defendants Standard, Sestak and Does 1-10)

20.     Plaintiff incorporates the allegations of paragraphs 1 through 19 hereof, as if set forth in full.

21.     On or about July 31, 2014, plaintiff and defendant Standard entered into an enforceable written contract by which Standard agreed to perform specified roofing repair work on the Property, which work was to be performed in a skillful, careful, good and workmanlike manner.

22.     The contract also contains an attorney fee clause entitling Standard to recover its reasonable fees and costs from plaintiff in the event of plaintiff's breach of the Agreement and to enforce the contract.  By operation of law, the attorney fee clause in the Agreement is reciprocal, entitling plaintiff to recover its reasonable attorney fees and costs from Standard in the event of Standard's breach of the contract and to enforce the contract.

23.     Plaintiff has fully performed all of its obligations under the contract with Standard, except as prevented, excused or discharged by defendants.

24.     Implied in every contract, including the contract with Standard, is a covenant of good faith and fair dealing that no party will deprive the other party of the benefits of the contract, which covenant also imposes a duty to refrain from doing anything which would render performance of the contract impossible, but rather to do everything that the contract presupposes to accomplish its purpose, including performing all construction and roofing related tasks with requisite skill and care, and in a good and workmanlike manner.

25.     Defendants failed and refused to perform the roof repair work at the Property with requisite skill and care, and in a good and workmanlike manner, such that defendants caused the roof of the Property to catch fire, which caused the San Francisco Fire Department to respond and extinguish the fire.  Defendants also failed and refused to pay all costs and expenses to remediate the damage the fire caused to the Property, to prevent additional damage to the Property, and to repair the damage the fire (and the reasonably foreseeable efforts to extinguish it) caused to the Property.

26.    As a result of defendants' above-described conduct in breach of the contract with plaintiff and the covenant of good faith and fair dealing implied therein, plaintiff has been damaged and is entitled to recover all such damages, including at least the $1 million in property damage to its Property, plus additional consequential and reliance damages in an amount not presently known, and attorney fees and costs, in an amount to be proven at trial.

27.    Because there is a unity of interest between Standard and Sestak such that Standard is the mere the instrumentality, conduit, adjunct and *alter-ego* of Sestak, grave injustice will result and the avoidance of liability will be sanctioned to the great harm and irreparable injury of plaintiff unless the fiction of the corporate status of Standard is ignored and Sestak is held liable, jointly and severally, with Standard, for the damage caused to plaintiff by the breach of Standard's contract with plaintiff.

SECOND CLAIM FOR RELIEF

FOR NEGLIGENCE

(Against Defendants Standard, Sestak and Does 1-10)

28.    Plaintiff incorporates the allegations of paragraphs 1 through 19 hereof, as if set forth in full.

29.    In undertaking to perform repair work on the roof of the Property, defendants had the duty of care to perform such work in the manner of a reasonably prudent person in the circumstances, with requisite skill and care.

30.    Defendants breached their duty of care by performing their repair work on the roof in such a negligent manner, and without the requisite skill and care, as to cause the roof of the Property to catch fire, which caused the San Francisco Fire Department to respond and extinguish the fire.

31.    As a result of defendants' above-described negligent conduct and failure to perform the specified repair work in accordance with their duty of care and with the requisite skill and care, which caused the fire at the Property, plaintiff sustained over $1 million in property and consequential damages.

32.    Because there is a unity of interest between Standard and Sestak such that Standard is the mere the instrumentality, conduit, adjunct and *alter-ego* of Sestak, grave injustice will result and the avoidance of liability will be sanctioned to the great harm and irreparable injury of plaintiff unless

1    the fiction of the corporate status of Standard is ignored and Sestak is held liable, jointly and severally,

2    with Standard, for the damage caused to plaintiff by defendants' negligence.

THIRD CLAIM FOR RELIEF

FOR BREACH OF INSURANCE CONTRACT

(Against Defendants FMIC and Does 11-20)

6    33.    Plaintiff incorporates the allegations of paragraphs 1 through 19 hereof, as if set forth

7    in full.

8    34.    As stated, plaintiff is an "additional insured" under the Policy, providing insurance

9    coverage of $1 million per occurrence to plaintiff for covered claims under the Policy.  As also stated,

10   plaintiff timely submitted its covered claim to FMIC under the Policy arising from the fire at the

11   Property on August 14, 2014, and has fully and timely performed or offered to perform any and all

12   other obligations under the Policy, except as prevented, excused or discharged by defendants.

13   35.    To date, however, and despite repeated demands, FMIC has failed and refused to

14   accept coverage for plaintiff's claim as an additional insured under the Policy, and has further failed

15   and refused to pay any of the costs and expenses to remediate the damage the fire caused to the

16   Property, to prevent additional damage to the Property, and to repair the damage the fire (and the

17   reasonably foreseeable efforts to extinguish it) caused to the Property.  FMIC has done this even

18   though the fire constitutes an "occurrence" under the Policy, even though the fire was caused by the

19   above-described conduct of FMIC's named insured Standard in negligently performing its roofing

20   repair work at the Property, and even though plaintiff is an additional insured under the Policy,

21   entitled to all benefits and protections under the Policy.

22   36.    As a result of defendants' above-described conduct in breach of the Policy, plaintiff

23   has been damaged and is entitled to recover all such damages, including at least the $1 million in

24   property damage to its Property, plus additional consequential and reliance damages in an amount not

25   presently known, and attorney fees and costs, in an amount to be proven at trial.

26   37.    As stated, defendants' failure to pay plaintiff under the Policy is vexatious and without

27   reasonable cause.  Further, plaintiff has been compelled to hire attorneys to obtain payment and all

28   benefits as an additional insured under the Policy.  Under California law, therefore, including without

COMPLAINT                                       7                          *PRINTED ON RECYCLED PAPER*

1  limitation, California Insurance Code § 1619, plaintiff is entitled to recover from FMIC all the

2  reasonable attorney fees, expert fees and costs it incurs to obtain those Policy benefits.

FOURTH CLAIM FOR RELIEF

FOR BAD FAITH BREACH OF THE IMPLIED COVENANT

OF GOOD FAITH AND FAIR DEALING

(Against Defendants FMIC and Does 11-20)

7      38.    Plaintiff incorporates the allegations of paragraphs 1 through 19 and 34 through 37

8  hereof, as if set forth in full.

9      39.    Implied in every insurance contract, including the Policy, is a covenant of good faith

10  and fair dealing that no party will deprive the other party of the benefits of the contract, which

11  covenant also imposes a duty to refrain from doing anything which would render performance of the

12  contract impossible, but rather to do everything that the contract presupposes to accomplish its

13  purpose.

14      40.    Defendants breached the covenant of good faith and fair dealing implied in the Policy

15  by failing and refusing to make a thorough and prompt investigation of the circumstances surrounding

16  the fire at the Property and underlying plaintiff's claim, by failing and refusing to accept coverage for

17  plaintiff's claim, and by unreasonably delaying and withholding payment of benefits due to plaintiff

18  as an additional insured under the Policy.

19      41.    As a result of defendants' above-described conduct in breach of the covenant of good

20  faith and fair dealing implied in the Policy, plaintiff has been damaged and is entitled to recover all

21  such damages and benefits under the Policy, including at least the $1 million in property damage to

22  its Property, plus additional consequential and reliance damages in an amount not presently known,

23  and attorney fees and costs, in an amount to be proven at trial.

24      42.    As stated, defendants' failure to pay plaintiff under the Policy is vexatious and without

25  reasonable cause.  Further, plaintiff has been compelled to hire attorneys to obtain payment and all

26  benefits as an additional insured under the Policy.  Under California law, therefore, including without

27  limitation, California Insurance Code § 1619, plaintiff is entitled to recover from FMIC all the

28  reasonable attorney fees, expert fees and costs it incurs to obtain those Policy benefits.

COMPLAINT                          8                *PRINTED ON RECYCLED PAPER*

43. Defendants' breach of the covenant of good faith and fair dealing implied in the Policy was done in bad faith, with the intention of depriving plaintiff of its lawful rights and otherwise causing it to be injured. By conducting themselves in this manner, defendants have acted maliciously, oppressively and in bad faith, intending to cause injury to plaintiff, or it has acted despicably with a willful and conscious disregard of plaintiff's rights in favor of its own interests, subjecting plaintiff to unjust hardship. Therefore, in addition to compensatory damages, plaintiff is entitled to recover punitive or exemplary damages from defendants, and each of them, in an amount to be proven at trial.

WHEREFORE, plaintiff hereby requests judgment in its favor and against defendants, and each of them, as follows:

A. For damages in the amount of at least $1 million;

B. For punitive or exemplary damages, according to proof;

C. For prejudgment interest at the statutory rate;

D. For reasonable attorney fees and expert fees;

E. For costs of suit; and

F. For such other and further relief as is appropriate.

DATED: October 14, 2014

STEVEN S. KARIC
DAVID A. HOUSEHOLDER
HAMBURG, KARIC, EDWARDS & MARTIN LLP


By  _____/s/ Steven S. Karic_____
STEVEN S. KARIC

Attorneys for Plaintiff
THE UNIVERSAL CHURCH

1

**DEMAND FOR JURY TRIAL**

2          Pursuant to the Seventh Amendment to the United States Constitution and Rule 38(b) of the

3   Federal Rule of Civil Procedure, plaintiff The Universal Church, Inc. hereby demands a trial by jury

4   of all issues triable of right by jury.

5   DATED:  October 14, 2014                     STEVEN S. KARIC
                                                  DAVID A. HOUSEHOLDER
6                                                 HAMBURG, KARIC, EDWARDS & MARTIN LLP

7
                                                  By _____/s/ Steven S. Karic_____
8                                                         STEVEN S. KARIC

9                                                 Attorneys for Plaintiff
                                                  THE UNIVERSAL CHURCH
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28