UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNIVERSAL CHURCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> STANDARD CONSTRUCTION COMPANY OF SAN FRANCISCO, INC, et al., <br><br> Defendants. | Case No. 14-cv-04568-RS <br><br> **ORDER REGARDING MOTIONS IN LIMINE AND DEFENDANTS' MOTION FOR A CONTINUANCE** |

Defendants Standard Construction Co. of San Francisco, Inc. and Thomas Sestak have filed six motions in limine: (1) to exclude the San Francisco Fire Department's ("SFFD") investigation report; (2) to exclude the reports of plaintiff Universal Church, Inc.'s expert witnesses; (3) to exclude records and testimony about Standard Construction's bank account statements from Bank of America ("BoA"); (4) to prevent Universal Church's expert witness, Charles J. Peterson, from offering certain opinions; (5) to exclude the testimony of Universal Church's expert witness, David Spiegel; and (6) to prevent Universal Church from speculating about the potential harm to persons posed by the fire. Universal Church has filed two motions in limine: (1) to exclude documents, which defendants did not identify in their Rule 26 disclosures or produce until December 29, 2015; and (2) to exclude the testimony of Prisiliano Juarez and Russell Longaway. Sestak also submitted a motion for a continuance.

**A. Defendants' Motion for a Continuance**

After Sestak's motion for summary judgment on whether he was Standard Construction's

alter ego was denied, Sestak chose to hire additional and separate counsel to represent him on an individual basis. Until that time and throughout the litigation, Sestak and Standard Construction have been represented by the same counsel. The discovery and expert witness deadlines have come and gone, and defendants' counsel chose not to retain or to designate any expert witnesses. Sestak's personal counsel, who now represents him in conjunction with counsel who also represents Standard Construction, seeks an order continuing the trial date and reopening discovery so that he may retain and to designate expert witnesses.

Federal Rule of Civil Procedure 60(b)(1) grants courts discretion to relieve parties from an order in cases of "mistake, inadvertence, surprise, or excusable neglect." The court heard this motion on an expedited basis, and based on the entire record denies the request.

From day one, Sestak has been named as a defendant in his individual capacity and has had notice that Universal Church sought to hold him personally liable for Standard Construction's conduct as an alter ego. He chose to be represented by Standard Construction's counsel, augmented as of August, 2015, by the additional law firm of Valinoti, Spector & Dito, LLP. That he had a change of heart after failing to obtain summary judgment in his favor is of no moment. If Sestak believes his counsel erred, his remedy is a malpractice lawsuit, not a continuance.

Furthermore, a continuance would prejudice Universal Church, which has been diligently litigating this case and is ready to proceed to trial. Were defendants permitted to designate new experts, Universal Church likely would need to take the experts' depositions, to evaluate whether to find rebuttal experts, and if necessary, to await another expert report—all of which would delay the judgment they hope to obtain and increase the cost of litigation. At this late stage of the game, a continuance is not warranted; defendants' motion is therefore denied.[1]

---

[1] Sestak's personal counsel complains that the consideration of his motion to continue at the pretrial conference deprived him of the opportunity to provide full briefing in support of the request. As became apparent at the conference, however, the additional information Sestak sought to present concerned alleged mistakes and omissions made by Sestak's past and present counsel. As noted, even assuming such professional incompetence occurred, it would not be a basis for reopening discovery and continuing dates on the eve of trial.

**B. Defendants' Motions in Limine**

    1. Motion in Limine No. 1:  To Exclude the SFFD Investigation Report

Defendants move to exclude the SFFD Fire Investigation Report in its entirety as hearsay. In addition, they contend that portions of the report that reference an injury to a firefighter is more prejudicial than probative pursuant to Federal Rule of Evidence 403, and therefore should be excluded. Universal Church insists that the report is a public record, and therefore an exception to the rule against hearsay. *See* Fed. R. Evid. 803(8).

Defendants' motion is denied without prejudice because there is insufficient evidence at this time to determine whether the report and components of the report each qualify as exceptions to the rule against hearsay. The report does not provide enough information to determine whether each element of the public-records exception has been met. Defendants correctly point out that there are numerous statements and opinions nestled within the SFFD report. First, many of the statements appear to be those of Standard Constructions agents, and therefore qualify as exclusions from hearsay pursuant to Federal Rule of Evidence 801(2)(D). Nevertheless, Universal Church must first lay that foundation. Second, Universal Church contends that the statement by Lieutenant Hutchinson qualifies as an exception to the hearsay rule as a present sense impression, Fed. R. Evid. 802(1). The report does not provide enough information to determine whether Hutchinson made the statement "while or immediately after [he] perceived it," *id.*, but Universal Church may be able to lay that foundation at trial. Finally, the report contains opinions about the cause and source of the fire. Presently, there is not enough information about whether the report's authors are qualified to render such opinions, again a prerequisite which may be satisfied with a proper foundation.

Finally, defendants' motion to redact the portion of the SFFD report that references an injured firefighter is denied. The risks associated with the torch-down roofing are central to the question of whether Standard Construction's conduct was reasonable. That a firefighter was injured is certainly prejudicial to defendants, but not unduly so.

    2. Motion in Limine No. 2:  To Exclude Expert Reports

Defendants move to exclude the reports authored by Universal Church's experts on the basis that they are hearsay. That motion is granted understanding that the reports may otherwise be used as appropriate for such purposes as impeachment and to refresh recollection.

3. <u>Motion in Limine No. 3: To Exclude Bank Account Records</u>

Defendants contend that bank records from BOA and any testimony about the records are hearsay and should be excluded because Universal Church has not identified a witness from BOA. The BOA records document regularly conducted activity pursuant to Federal Rule of Evidence 803(6), and the motion therefore is denied. All conditions necessary to show that records are of regularly conducted activity may be shown "by a certification that complies with Rule 902(11) or (12)." Fed. R. Evid. 803(6)(D). Universal Church has submitted such a declaration along with the BOA records.

Defendants also argue that the records are not self-evident, and that therefore a witness will need to testify about the meaning of various entries. Universal Church intends to ask Sestak about his bank account records—records with which he is likely familiar and for which he likely can provide a foundation. Defendants' motion to exclude the BOA records therefore is denied.

4. <u>Motion in Limine No. 4: To Exclude Expert Peterson's Opinions</u>

Defendants move to limit the breadth of some of Peterson's expert opinions: (1) that defendants "failed to furnish and install the type of roofing material" specified in the contract; (2) that defendants violated SFFD Fire Safety Rules and Practices for Operation and California Building Code Chapter 15; (3) that Juarez was inadequately trained; (4) that defendants were negligent; and (5) any opinions not rendered in the expert report. This motion is granted with several caveats.

Peterson may not offer legal opinions, such as whether defendants were negligent or whether they breached the contract at issue. Universal Church is free, however, to ask about the applicable standard of care and whether defendants complied with it. Peterson may also explain terms mentioned in the contract if they have particular meaning in the roofing industry. In addition, Peterson may testify about the SFFD's safety standards and building codes, provided

Universal Church lays a foundation establishing that he is familiar with those standards. There is nothing in the record to suggest that Peterson is personally familiar with Juarez's training, and so may not testify about that subject. He may, however, offer an opinion about whether a roofing contractor has a duty to verify the skills and qualifications of the people he employs.

### 5. Motion in Limine No. 5: To Exclude Expert Spiegel's Testimony and Documents

Defendants seek to exclude Spiegel's testimony excluded in its entirety as a sanction for failing to produce the documents they subpoenaed. They also move to limit Spiegel's opinion testimony to the opinions in his report. Universal Church insists that Spiegel has produced all non-privileged documents with the exception of large blueprints, which were produced in the course of discovery. If Spiegel has not produced any records not protected by Federal Rule of Civil Procedure 26(4), then he must do so promptly. Defendants may cure any prejudice caused by the late disclosure with cross-examination. Accordingly, defendants' motion to exclude Spiegel's testimony in its entirety is denied. Their motion to exclude any opinions not rendered in the report is granted.

### 6. Motion in Limine No. 6: Exclude Discussion of the Potential Harm to Persons

As a prophylactic measure, defendants seek to exclude any speculation about the potential harm to persons the fire may have posed absent the SFFD's efforts to put out the fire. Their motion is granted; the parties may not speculate about what might have happened absent the SFFD's intervention. Nothing in this order limits Universal Church's ability to elicit testimony about the actual event.

**C. Plaintiff's Motions in Limine**

### 1. Motion in Limine 1: To Exclude Documentary Evidence

Universal Church moves to exclude five documents, which were never produced or disclosed until December 29, 2015, including a change order (Ex. 209), lease agreements (Exs. 210, 212), IRS tax liens (Ex 211), and Standard Construction's ledger of entries (Ex. 230). At this time, Universal Church disputes the authenticity of the change order, in particular. The record is devoid of information about the reason for the late disclosure. Thus, the parties shall appear on

January 19, 2016, at 10:30 a.m. for an evidentiary hearing to address the cause for the late disclosure. Defendants shall produce any witnesses who have knowledge of the search for, and discovery of, the documents and their authenticity. Until that time, Universal Church's motion to exclude the documents is reserved.

2. Motion in Limine 2: To Exclude the Testimony of Juarez and Longaway

Universal Church seeks to exclude the testimony of Priciliano Juarez—a central percipient witness in this case. Neither party has been able to locate or to depose Juarez. The most current information available suggests Juarez now lives in Mexico. In the event either party can locate Juarez before trial or he appears for trial, the court will address whether to exclude his testimony or how to cure any prejudice to the parties at that time. Accordingly, a ruling on Universal Church's motion to exclude Juarez's testimony is reserved.

Universal Church also moves to exclude the testimony of Russell Longaway, Esq., who served as Standard Construction's tax attorney. Sestak mentioned this fact during his deposition, but Universal Church did not ask any follow up questions or request documents related to the information Longaway might have. Given that Universal Church was aware of Longaway and failed to request follow-up information, the motion to exclude Longaway's testimony therefore is denied. To cure any potential prejudice, Universal Church is accorded leave to depose Longaway before trial if it elects to do so.

**IT IS SO ORDERED**.

Dated: January 8, 2015

_____
RICHARD SEEBORG
United States District Judge